IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISSA ZACHARIA,<br><br>               **Plaintiff**,<br><br>   v.<br><br>CITY OF MADERA, et. al.,<br><br>               **Defendants.** | 1:06-cv-892  AWI SMS<br><br>**ORDER MOVING HEARING, ORDER TO SHOW CAUSE UNDER RULE 4(m), and ORDER CORRECTING DOCKET** |

Currently pending before the Court is Defendant Ignatious Chinn's motion for summary judgment. Hearing on this motion is set for April 12, 2010. The Court has determined that it is necessary to move the hearing on this matter to April 26, 2010.

Additionally, a review of the Docket indicates that Defendants "Wells" and "Heil" are active parties to this case. However, on August 26, 2009, the parties filed a Rule 41 stipulation that dismissed "Wells" and "Heil." See Court's Docket Doc. No. 39. The stipulation indicates that the names "Wells" and "Heil" are misidentifications. See id. Although a Rule 41(a) stipulation for dismissal is effective immediately and without the need for further Court order, the Court did an order acknowledging the dismissal. See Court's Docket Doc. No. 43. However, the Court used these two Defendants' actual names, "Wiles" and "Hill," instead of the misidentified names of "Wells" and "Heil." See id. The Court will order the Clerk to correct the docket and show that Defendants "Wells" and "Heil" were terminated from this case on September 1, 2009.

Finally, the Court also sees that are two defendants on the docket who have yet to be served with process. Defendants Special Agents "Marsh" and "Baulyley"[1] were named in both the original and amended complaints. See id. at Doc. Nos. 1, 8, 10. The original complaint was filed on July 13, 2006, and the Second Amended Complaint was filed on September 25, 2006. See id. at Doc. Nos. 1, 10. Without an extension from the Court, the time in which to serve a defendant with process is 120 days. See Fed. R. Civ. Pro. 4(m). Under Rule 4(m), "if process is not served within 120 days after the filing of the complaint, and the plaintiff cannot show good cause why service was not made within that time, the action is subject to dismissal without prejudice upon the court's own initiative with notice to the plaintiff." Hason v. Medical Bd., 279 F.3d 1167, 1174 (9th Cir. 2002). Here, substantially more than 120 days have passed since the active complaint was filed in 2006. Therefore, Plaintiff will be ordered to show cause why Defendants "Marsh" and "Baulyley" should not be dismissed for violation of Federal Rule of Civil Procedure 4(m).

Accordingly, IT IS HEREBY ORDERED that:

1. The previously set hearing date of April 12, 2010, is VACATED, and the matter is RESET to April 26, 2010, at 1:30 p.m. in Courtroom No. 2;

2. The Clerk shall correct the docket to reflect that Defendants "M. Wells" and "R. Heil" were TERMINATED as of September 1, 2009; and

3. Plaintiff shall show cause in writing no later than 2:00 p.m. on April 16, 2010, why Defendants "Marsh" and "Baulyley" should not be dismissed from this case under Rule 4(m).[2]

IT IS SO ORDERED.

Dated:   April 6, 2010                         /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE

---

[1] It appears that "Baulyley" is actually "Badgley." However, this person appears in the docket as "Baulyley."

[2] If Plaintiff does not object to the dismissal of these defendants, he shall so inform the Court as soon as possible.